```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              EASTERN DISTRICT OF VIRGINIA

                    Alexandria Division


FRANCIS O. NDIKA,               )
                                )
    Plaintiff,                  )
                                )
        v.                      )    1:17cv27 (JCC/JFA)
                                )
MRS. MARANON, Soc. Sec.         )
Supervisor,                     )
                                )
    Defendant.                  )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to Dismiss [Dkt. 2]. For the following reasons, the Court will grant Defendant's Motion and dismiss Plaintiff's Complaint with prejudice.

### **I. Background**

This case has its roots in a longstanding dispute over unpaid child support. Plaintiff Francis O. Ndika has been in litigation with his ex-wife in the Circuit Court for Prince George's County, Maryland since 1987 over outstanding child support payments. *See* Mem. in Supp. of Mot. to Dismiss Exh. A [Dkt. 3-1] at 2-9. As a result of those proceedings, on July 25, 2013, Prince George's County Office of Child Support Enforcement sent the U.S. Social Security Administration a

notice of garnishment, directing the agency to garnish $200.00 monthly from Plaintiff's Social Security benefits pursuant to 42 U.S.C. § 659. *See* Mem. in Supp. of Mot. to Dismiss Exh. B [Dkt. 3-1] at 11-14.

Plaintiff, however, did not receive Social Security benefits at the time. Accordingly, there was nothing to garnish. That changed on September 8, 2016, when the Social Security Administration notified Plaintiff that he had been approved for retirement benefits effective as of the prior January. The agency explained that Plaintiff would receive benefits dating back to January in a lump-sum payment, less $7,079.80 withheld to satisfy Plaintiff's unpaid child support. *See* Mem. in Supp. of Mot. to Dismiss Exh. E [Dkt. 3-1] at 24-29. The agency further informed Plaintiff that it would withhold $200.00 from each of his monthly payments going forward for the same reason. *See id*.

On December 9, 2010, Plaintiff filed a Warrant in Debt in the General District Court for the City of Alexandria, naming "Mrs. Maranon, (Soc. Sec. Supervisor)." The Warrant in Debt states that "[t]his is over withheld amt. from my seven months Soc. Security monthly benefit (Jan-July 2016) ie $7,079.80." The identity of "Mrs. Maranon" remains unclear, but the federal government nevertheless stepped in to defend the actions of the Social Security Administration.

2

Reasonably construing the action as one against a federal employee in her official capacity, Defendant removed the case to this Court on January 6, 2017, and filed the instant Motion to Dismiss [Dkt. 2] the following week.  Plaintiff failed to respond but for a letter informing Defendant and the Court of his intention to appear at the hearing on this matter with counsel.  Defendant failed to appear at the hearing on February 16, 2017, but filed a Motion [Dkt. 9] shortly thereafter requesting a brief extension of time to respond.  The Court granted that Motion, but Plaintiff's eventual Response [Dkt. 11] only requested an additional extension.

## II. Legal Standard

A motion filed pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction over the pending action. The burden of proving subject matter jurisdiction falls on the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  Where, as here, "a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction . . . the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  "Sovereign

immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

### III. Analysis

Defendant contends that Plaintiff's suit is barred by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Meyer*, 510 U.S. at 475. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The United States has waived sovereign immunity to the extent that it may, under some circumstances, be made a third-party garnishee in garnishment proceedings. *See* 42 U.S.C. § 659(a); *Diaz v. Diaz*, 568 F.2d 1061, 1063 (4th Cir. 1977) ("[T]he purpose and effect of 42 U.S.C. § 659 is to waive the sovereign immunity of the United States for garnishment and like purposes in a limited class of State court actions involving the support obligations of government employees receiving, for example, federal pensions."). As relevant here, federal law permits the federal government to serve as a third-party garnishee with respect to Social Security benefits paid to individuals who are in arrears in their child support. *See* 42 U.S.C. §§ 659(a); 659(h)(1)(A)(ii)(II).

4

The scope of this waiver is cabined by 42 U.S.C. § 659(f)(1), which states:

> Neither the United States, nor the government of the District of Columbia, nor any disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section.

The United States may therefore be haled into court as a third-party garnishee, but may not be sued for complying with a facially valid garnishment order. The order need only appear regular on its face; the government may not be held liable even if the garnishment order is later shown to be invalid. *See United States v. Morton*, 467 U.S. 822, 836 (1984); *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 32 (11th Cir. 2010); *Dockery v. Comm'r, Soc. Sec.*, No. TDC-15-2650, 2016 WL 3087453, at *3 (D. Md. June 1, 2016).

Here, Plaintiff has brought suit against a federal official for complying with a garnishment order. Having reviewed the exhibits to Defendant's Motion, the order appears regular on its face. *See* Mem. in Supp. of Mot. to Dismiss Exhs. A, B [Dkt. 3-1] at 2-14. The Social Security Administration received the order in July of 2013. Plaintiff was approved for Social Security benefits roughly 39 months later, and in the

interim the Social Security Administration was obligated to garnish $200.00 per month from Plaintiff's benefits. Plaintiff therefore had accrued a garnishment balance of roughly $7,800.00 by the time he received his lump sum payment of back benefits. Pursuant to 15 U.S.C. § 1673(b)(2)(B) and the agency's Programs Operations Manual System, GN 02410.215(A)(5), the agency withheld 65% of Plaintiff's back benefits — as much of that accrued balance as permitted by the law.[1]

In light of the above, the Court finds that it lacks subject matter jurisdiction over these proceedings. "A waiver of the Federal Government's sovereign immunity" is to be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192. The plain text of 42 U.S.C. § 659(f)(1) makes clear that the United States has not waived its immunity with respect to this case. Accordingly, this Court must dismiss Plaintiff's suit.

Finally, the Court notes that Plaintiff has requested an additional month to respond to the instant Motion. He argues that the Court's previous Order "gave [Plaintiff] only 7 days" to respond, and "[n]ormally one month [sic] notice is needed for the two parties in a case to be informed[ ]/ready for any case." Response [Dkt. 11]. The instant Motion, however, was filed and

---

[1] Plaintiff was awarded $10,892 total in back benefits, *see* Mem. in Supp. of Mot. to Dismiss Exh. E [Dkt. 3-1] at 24, 65% of which is $7,079.80.

6

served upon Plaintiff on January 13, 2017.  The Court's Order did not give Plaintiff one week to respond to that Motion; rather, it gave Plaintiff one *additional* week to respond beyond the month that had already elapsed.  As Plaintiff has provided no compelling reason for failing to respond within that time, the Court declines to grant him any further extensions.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion [Dkt. 2] and dismiss Plaintiff's Complaint with prejudice.

An appropriate order will issue.

|  |  |
|---|---|
| March 2, 2017 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |